R. H. WILSON *v.* GEORGE V. MORRIS.

**Bankruptcy—Discharge Relieves Debts.**
  A discharge in bankruptcy releases the debtor from legal liability upon all of his previous debts.

**Same—Account—Subsequent Promise to Pay.**
  An action on a debt due by one discharged in bankruptcy upon an alleged promise to pay, after the discharge, can be maintained alone upon such promise to pay.

**Accounts—What Constitutes New Promise to Pay—Discharge in Bankruptcy.**
  An expression by a debtor, after his discharge in bankruptcy, of his intention to pay certain old debts, does not amount to a promise to pay, unless made to the original creditor, or to some one therefor, or on presentation of the accounts to him for payment.

APPEAL FROM FLEMING CIRCUIT COURT.

October 20, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The appellee George V. Morris on the 9th of April, 1870, instituted an action by ordinary petition against the appellant Wilson and his wife, upon an account for merchandise, alleged to have been sold and delivered to the wife by the appellee, amounting to $172.79. The petition alleges that the articles were necessaries for the family, and such, as made the wife's estate liable for the debt. The wife answered denying any liability upon her part for its payment, and the husband by his answer, relied upon his discharge in bankruptcy as a bar to appellee's recovery, etc.

The appellee then filed an amended petition, in which he alleges that the appellant after he had obtained his discharge in bankruptcy *"faithfully and expressly promised"* the appellee to pay him the account set forth in the original petition. The appellant Wilson in his answer controverted all the allegations of the amended petition in reference to the alleged promise to pay. The only question presented is as to the sufficiency of the

evidence to maintain the cause of an action presented by this amended pleading. The appellee proved by one witness that appellant stated to him *"that his object in taking the bankrupt law, was to avoid paying security debts, and that he intended to pay the witness what he owed him, and that he intended to pay the appellee George V. Morris, and that he would pay all he owed as soon as he could."* Another witness, the clerk of appellee heard appellant say *"that his object was to avoid paying security debts, and that he intended to pay Dr. Lightfoot, George V. Morris, the appellee and some others whose names he does not recollect."* A discharge in bankruptcy releases the debtor from legal liability upon all of his previous debts, but as has been often decided, the moral obligation to pay these debts, is a sufficient consideration to make the debtor legally responsible upon a promise to pay the original debt. The promise however when made does not revive the original debt and the action can be maintained *alone upon the promise to pay, Graham v. Hunt, B. Monroe, 7.* The amended petition alleges an express, unconditional promise to appellee by the appellant to pay this debt. The burden of proof was upon the appellee to show that this promise had been made. The testimony offered on this point is the substance of casual conversations held by the appellant with third persons shortly after his discharge in bankruptcy, and were evidently had with a view of excusing himself for the step he had taken in order to relieve himself of his indebtedness, and not for the purpose of assuming by these statements any legal liability. He never held any conversation with the appellee on the subject. No claim or debt had been presented to him by the witness who detailed these conversations for payment, or by any one else, and certainly no promise was made by appellant to them or either of them to pay this particular debt. His expression of an intention to pay in connection with the conversations proven do not amount to a promise to pay. An inference might be drawn from the conversations held with the witness that the appellant designed paying all of his individual liabilities, but whatever his intentions might have been, on the nature of the moral obligation upon him to pay, he evidently did not intend by these conversations to change this moral obligation into a legal liability. No such promise is proven as alleged either to the appellee himself or to any one else for

him. The judgment of the court below is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Rodman, Cox,* for appellant.

*Cord,* for appellee.